UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HYACINTH CLARK WARNER,

              Plaintiff,

    -against-

FIRST UNITED MORTGAGE BANKING CORP.,
GB HOME EQUITY LLC, JOHN DOES #1-4,

              Defendants.
-----------------------------------------------------------X

ORDER
12-CV-5403(JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On October 26, 2012, Hyacinth Clark Warner ("plaintiff") *pro se* filed a complaint against First United Mortgage Banking Corp. ("First United"); GB Home Equity, LLC ("GB"); and John Does #1–4 (collectively, "defendants"). Shortly thereafter, the Court granted plaintiff's motion for leave to proceed *in forma pauperis* and directed the U.S. Marshal Service to serve the complaint on defendants. Summons issued to First United, and the U.S. Marshal Service attempted to serve First United at the address listed on the complaint. The U.S. Marshal Service was unable to locate First United at that address. Consequently, on April 17, 2013, this Court's Pro Se Office sent plaintiff a letter requesting that she provide a street address where service on First United could be effectuated. The letter warned plaintiff in underlined print, "<u>Be advised that failure to comply could lead to dismissal of your claim(s) against the above-named defendant for failure to prosecute.</u>" To date, plaintiff has not provided the Court with a street address for First United.[1]

On October 22, 2013, this Court ordered the parties to provide the Court with a letter regarding the status of this case no later than November 22, 2013. Plaintiff failed to comply with

---

[1] On May 24, 2013, plaintiff voluntarily dismissed this action with prejudice as to GB by filing a signed stipulation of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

the Court's order or otherwise communicate with the Court. Accordingly, by Order dated November 27, 2013, the Court directed plaintiff to submit a letter no later than December 17, 2013, explaining why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff has failed to comply with that Order. It appears that plaintiff has abandoned her action. For the reasons set forth below, therefore, the Court dismisses plaintiff's complaint *sua sponte*, under the Court's inherent power, for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure.

The Supreme Court has stated that a district court may dismiss an action *sua sponte* for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("[A] federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appeared to require a motion from a party." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962))). Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link*, 370 U.S. at 633); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a well-settled concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of

diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives . . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g.*, *Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74–76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173–74 (2d Cir. 1981))).

Here, plaintiff failed to provide a street address where service on First United could be effectuated; failed to respond to the Court's October 22, 2013 Order; and failed to respond to the Court's November 27, 2013 Order, which explicitly directed plaintiff to indicate why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The November 27, 2013 Order made clear that failure to respond to the

3

Order would result in dismissal without prejudice. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to First United of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. However, because First United has not yet been served with the complaint and summons, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate.

In sum, dismissal for failure to prosecute is clearly warranted. This case is dismissed without prejudice, under the Court's inherent power, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case.

SO ORDERED.

/s/ Joseph F. Bianco
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2013
      Central Islip, New York